**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01534-REB-MJW

JAMES R. WATKINS,

    Plaintiff,

v.

DENVER POLICE OFFICER JOHN RUDDY,
DENVER POLICE OFFICER RANDY PENN, Individually and Severally, and
CITY AND COUNTY OF DENVER,

    Defendants.

## ORDER GRANTING DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT

**Blackburn, J.**

The matter before me is **Defendants Denver Police Officer John Ruddy, Denver Police Officer Randy Penn, and the City and County of Denver's Motion for Partial Summary Judgement** [#39][1] filed April 30, 2010. I grant the motion in part and deny the motion in part as moot.[2]

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question).

### II. STANDARD OF REVIEW

---

[1] "[#39]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[2] The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* **FED. R. CIV. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). A dispute is "genuine" if the issue could be resolved in favor of either party. ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994). A fact is "material" if it might reasonably affect the outcome of the case. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue. ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 540 U.S. 1027 (1995). Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper. ***Concrete Works***, 36 F.3d at 1518. All the evidence must be viewed in the light most favorable to the party opposing the motion. ***Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 528 U.S. 815 (1999). However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence. ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 528 U.S. 933 (1999); ***Nutting v. RAM Southwest, Inc.***, 106 F.Supp.2d 1121, 1123 (D. Colo. 2000).

## III. FACTS

In the early morning of April 4, 2009, plaintiff, James Watkins, exited Lodo's Bar and Grill, located on Market street in Lower Downtown Denver, accompanied by two unidentified women. As Watkins walked south on Market street with the two women, the group approached two uniformed officers of the Denver Police Department who were on patrol in the area. The two police officers, John Ruddy and Randy Penn, are defendants in this case. When they reached Ruddy and Penn, the two unidentified women engaged in conversation with the officers. As Watkins walked past the officers, who then were still speaking with the women, he said "cops suck," or words to that effect. The officers responded by instructing Watkins to "keep walking" and leave the area. As Watkins entered a parking lot abutting Market street, he continued in a verbal exchange with Ruddy and Penn, although it is unclear precisely what was said between the parties.

Immediately after the verbal exchange with Ruddy and Penn, a physical altercation ensued. Watkins was physically forced to the ground, restrained, and placed under arrest by Ruddy and Penn. During the course of the arrest, Watkins sustained injuries that required medical treatment at Denver Health Medical Center, including stitches and a CT scan. He was placed in Denver city jail and charged with assault in the second degree. Watkins later was released with all pending charges dropped.

## IV. CLAIMS FOR RELIEF

Watkins' claims for relief have been modified substantially from their original form as set forth in **Plaintiff's Complaint** [#1], filed June 30, 2009. **Plaintiff's Complaint** [#1] includes seven claims for relief, alleging violations of Watkins' rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. Watkins brings his claims under 42

U.S.C. §§ 1983 and 1985. Watkins original seven claims overlap each other greatly.

In contrast, the **Final Pretrial Order** [#54] filed June 29, 2010, includes only four claims, only one of which (the *Monell* claim) is substantially the same in form as in **Plaintiff's Complaint** [#1]. The claims included in the **Final Pretrial Order** [#54] are (1) *Monell* claim against the City and County of Denver; (2) Violations of 42 U.S.C. § 1983: False Arrest; (3) Violations of 42 U.S.C. § 1983: Excessive Force During Search and Seizure; and (4) Violations of 42 U.S.C. § 1983: Refusing or Neglecting to Prevent.

Under FED. R. CIV. P. 16 (d) and (e), the relevant claims for litigation are defined by the **Final Pretrial Order** [#54], and those claims supersede the claims asserted in the original complaint. *Franklin v. United States*, 992 F.2d 1492, 1497 (10th Cir. 1993). Therefore, I must limit my determination of whether defendants are entitled to judgement as a matter of law to the claims preserved in the **Final Pretrial Order** [#54] and addressed in the **Defendants' Motion for Partial Summary Judgement** [#39]. The only claim preserved in the **Final Pretrial Order** [#54] and addressed in the **Defendants' Motion for Partial Summary Judgement** [#39] is Watkins' *Monell* claim against the City and County of Denver. To the extent defendants seek summary judgment on Watkins' claims under the Fifth, Eighth, and Fourteenth Amendments, their motion for summary judgment is moot because Watkins did not preserve those claims in the **Final Pretrial Order** [#54]. Notably, on July 12, 2010, the parties filed a stipulated motion to dismiss the plaintiff's claims under the Eighth Amendment as well as the plaintiff's fourth, fifth, and sixth claims for relief, as stated in the **Plaintiff's Complaint** [#1]. I entered an order [#61] granting the stipulated motion and dismissing the claims specified in the stipulated motion. Accordingly, the only claim at issue here is Watkins' First Claim for Relief as alleged in the **Final Pretrial Order** [#54] the *Monell* claim

against the City and County of Denver.

## V. *MONELL* CLAIM

Watkins alleges that Ruddy and Penn violated his constitutional rights when Ruddy and Penn arrested him. Watkins alleges also that the violation of his rights "was pursuant to a long-standing custom or practice of the City and County of Denver" and that "the policy makers of the City and County of Denver either approved or were deliberately indifferent to the custom or practice." **Final Pretrial Order** [#54], p. 2. These contentions form the basis of Watkins' claim against the City and County of Denver under **Monell v. New York City Dept. of Social Servs.**, 436 U.S. 658 (1978).

In **Monell**, the Court undertook a thorough analysis of Congressional intent in promulgating § 1983 and determined that "Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies." *Id.* at 690. However, the Court limited this holding to instances where "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. In expressly barring *respondeat superior* claims under § 1983, the Court reasoned that a municipality should not be liable for the independent and unrelated criminal or tortious actions of municipal employees solely based on an employee-employer relationship. *Id.* at 690-93.

Following **Monell**, the Supreme Court refined its analysis, specifically addressing the issue of whether a plaintiff may establish § 1983 liability against a municipality for a failure to train its employees. In **City of Canton v. Harris**, the plaintiff alleged that her Fourteenth Amendment due process rights were violated when she was denied necessary medical treatment while in police custody. **City of Canton v. Harris**, 489 U.S. 378, 381 (1989). In that instance, the shift commanders for the Canton Police

Department had sole discretion under municipal regulation to determine whether a detainee required medical treatment, but they did not receive any additional training for making such a determination. *Id.* at 381-82. The Court held "that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *Id.* at 388.

The **Canton** court further narrowed its holding by noting that when a training program is found to be inadequate, the issue then "becomes whether such inadequate training can justifiably be said to represent 'city policy.'" *Id.* at 390. This standard requires that the inadequacy be so prevalent and pervasive as to constitute deliberate indifference to known or obvious consequences on the part of the city policymakers. *Id.* at 388. The Court reasoned that a municipal training program is not necessarily inadequate merely because mistakes are made by employees during the course of their duties or because of individual occurrences of bad conduct. *Id.* at 391. Thus, only a conscious decision not to train an employee for a job function can be considered a *de facto* city policy under **Canton**.

The Supreme Court revisited this issue in **Board of County Commissioners v. Brown**, and held that "it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the injury alleged." **Bd. of County Comm'rs v. Brown**, 520 U.S. 397, 404 (1997), citing **Monell**, 436 U.S. at 694. Thus, **Brown** requires "rigorous standards of culpability and causation" in instances where a municipality is only indirectly implicated in criminal or tortious behavior of its employees. *Id.* at 405. "A showing of simple or even heightened

negligence will not suffice." *Id.* at 407. To establish municipal liability, a plaintiff must demonstrate that a municipal action was taken with deliberate indifference as to its known or obvious consequences. *Id.* at 407.

The United States Court of Appeals for the Tenth Circuit addressed this issue in **Barney v. Pulsipher**, 143 F.3d 1299 (10th Cir. 1998). In **Barney**, female detainees of a county jail were sexually assaulted by a deputy sheriff. *Id.* The plaintiffs alleged, *inter alia*, that failure to adequately staff, train, and supervise jailers was sufficient to establish liability under § 1983. *Id.* at 1306. The **Barney** court held that, although "notice can be established by proving the existence of a pattern of tortious conduct[,]" for the purpose of showing deliberate indifference on the part of the county, the plaintiffs had not met their evidentiary burden and affirmed the summary judgment entered by the district court. *Id.* at 1306-08.

In the instant action, Watkins asserts that his physical injuries and the alleged violations of his rights are a result of the City and County of Denver's failure to properly train and supervise its employees, Ruddy and Penn. Watkins has included Attachments A and B [SEALED #44-1, -2] in **Plaintiff's Response to Defendants' Motion for Partial Summary Judgement** [#44] filed May 24, 2010. These attachments are summaries of complaints against Ruddy and Penn for conduct that occurred while they were acting within the scope of their duties as officers for the Denver Police Department. Relying on those complaints, Watkins argues that Ruddy and Penn have a history of infractions and that this history constitutes notice to the City and County of Denver that Ruddy and Penn were likely to use excessive force. In turn, Watkins argues that such notice supports the inference that the City and County of Denver was deliberately indifferent toward the conduct of Ruddy and Penn, thus establishing a

7

custom or usage of excessive force.

Attachments A and B [SEALED #44-1, -2] do not constitute evidence of valid and substantiated infractions by Ruddy and Penn. The record is barren of any evidence that Ruddy and Penn actually have used excessive force in the course of their duties and that investigations conducted by the City and County of Denver have verified those infractions. Attachments A and B [SEALED #44-1, -2] contain only allegations of such conduct. Such allegations, without more, do not show that Ruddy and Penn actually used excessive force.

Further, Watkins has not come forward with any evidence demonstrating that, if Ruddy and Penn have used excessive force previously, the City and County of Denver did nothing in response to such conduct or that a failure to provide adequate training resulted in that conduct. Defendants' **Affidavit** [#47-1], filed in conjunction with **Defendants' Reply In Support of Motion For Partial Summary Judgment** [#47], filed June 7, 2010, outlines the various protocols that the Denver Police Department has utilized since 1995 to monitor and investigate officers' conduct, and the coordinated efforts between the various departments within the City and County of Denver, as well as citizen-lead commissions, to regulate officer conduct and provide ongoing training. Watkins does not dispute the authenticity or validity of these documents.

Watkins has not produced any evidence relating to the Denver Police Department's training in the use of force, or lack thereof, the processes used to monitor its officers, the investigation processes to follow-up on complaints, or the existence or inadequacies of any corrective or disciplinary processes. Watkins has not come forward with any evidence sufficient to meet the "rigorous standards of culpability and causation" necessary to proceed with his § 1983 claim against the City and County of

8

Denver.

## VI. CONCLUSION

Under FED. R. CIV. P. 56(e)(2), a plaintiff "may not rely merely on allegations . . . in its own pleading; rather, its response must--by affidavits or as otherwise provided []--set out specific facts showing a genuine issue for trial."  Watkins has not produced any admissible evidence demonstrating that a relevant custom or usage exists within the Denver Police Department concerning the use of excessive force by Denver Police Officers, or that such custom or usage has the force of law under the applicable legal standards.  Without such evidence, no reasonable fact finder could find in favor of Watkins on his claims against the City and County of Denver.  Therefore, the City and County of Denver is entitled to judgment as matter of law as to Watkins' First Claim for Relief as stated in the **Final Pretrial Order** [#54].

## VII. ORDER

**THEREFORE, IT IS ORDERED** as follows:

1.  That **Defendants' Motion for Partial Summary Judgement** [#39] filed April 30, 2010, is **GRANTED** as to plaintiff's First Claim for Relief concerning plaintiff's *Monell* claim, as stated in the **Final Pretrial Order** [#54] filed June 29, 2010;

2.  That **Defendants' Motion for Partial Summary Judgement** [#39] filed April 30, 2010, is **DENIED** as moot as it pertains to plaintiff's Second Claim for Relief concerning violation of plaintiff's right to due process of law guaranteed by the Fifth Amendment and protection against cruel and unusual punishment guaranteed by the Eighth Amendment as stated in **Plaintiff's Complaint** [#1] filed June 30, 2009;

3.  That **Defendants' Motion for Partial Summary Judgement** [#39], filed April 30, 2010, is **DENIED** as moot as it pertains to plaintiff's Fourth Claim for Relief

9

concerning unlawful detention and confinement in violation of the Fifth and Fourteenth Amendments as stated in **Plaintiff's Complaint** [#1] filed June 30, 2009;

4. That **Defendants' Motion for Partial Summary Judgement** [#39], filed April 30, 2010, is **DENIED** as moot as it pertains to plaintiff's Fifth Claim for Relief concerning failure to properly train and supervise, as stated in **Plaintiff's Complaint** [#1] filed June 30, 2009;

5. That **Defendants' Motion for Partial Summary Judgement** [#39], filed April 30, 2010, is **DENIED** as moot as it pertains to plaintiff's Sixth Claim for Relief concerning conspiracy, as stated in **Plaintiff's Complaint** [#1] filed June 30, 2009; and

6. That plaintiff's First Claim against the City and County of Denver, as alleged in the **Final Pretrial Order** [#54] filed June 29, 2010, is **DISMISSED WITH PREJUDICE**.

Dated July 23, 2010, at Denver, Colorado.

                                            **BY THE COURT:**

                                            *Bob Blackburn*
                                            Robert E. Blackburn
                                            United States District Judge